UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23139-CIV-LENARD/O'SULLIVAN

JANET FELICIANO,

    Plaintiff,

vs.

CITY OF MIAMI BEACH, a
Municipal entity, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Strike Plaintiff's Untimely Disclosed Expert and Report (DE# 110, 11/4/11). The defendants seek to strike the plaintiff's medical expert Dr. Theodore N. Hariton on the ground that Dr. Hariton's disclosure was untimely and in contravention of the Court's Scheduling Order (DE# 45).[1] Id. at 1. The plaintiff states that "Dr. Hariton has been retained solely as a rebuttal expert, and will not testify to any medical or scientific facts outside of those necessary to rebut the assertions of [the d]efendants' Medical Expert." Plaintiff's Response in Opposition to Defendants' Motion to Strike Plaintiff's Rebuttal Expert and Report (DE# 111 at 3, 11/14/11).

Contrary to the defendants' assertions, the Scheduling Order in the instant case does not preclude rebuttal experts. The Scheduling Order is silent on that issue. The plaintiff disclosed its rebuttal expert within the time allotted by Federal Rule of Civil

---

[1] The Court's Scheduling Order (DE# 45, 4/20/11) was amended to extend certain deadlines which are not pertinent to the issue before this Court. See Order Granting in Part and Denying in Part Plaintiff's Unopposed Motion for Extension of Time to Complete Discovery (DE# 79, 7/22/11).

Procedure 26(a)(2)(D)(ii).

Even assuming <u>arguendo</u> that Dr. Hariton's disclosure does not comport with the Court's Scheduling Order, the Court has discretion to decide whether to strike an expert witness. <u>Jackson v. Harvard Univ.</u>, 900 F.2d 464, 468-69 (1st Cir.1990). In determining whether to strike an expert witness, the Court should consider "several factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure and the opponent's ability to overcome its adverse effects (<u>i.e.</u>, the degree of prejudice and whether it can be cured or ameliorated)." <u>Kendall Lakes Towers Condo. Ass'n, Inc. v. Pacific Ins. Co.</u>, Ltd., No. 10-24310-CIV, 2011 WL 6372198, at *3 (S.D. Fla. Dec. 20, 2011) (citing <u>MaCaulay v. Anas</u>, 321 F.3d 45, 51 (1st Cir. 2003)). Here, Dr. Hariton is necessary to rebut the defendants' position that "an assault may have occurred, but . . . it could not be the cause of [the p]laintiff's miscarriage or physical injuries." Plaintiff's Response in Opposition to Defendants' Motion to Strike Plaintiff's Rebuttal Expert and Report (DE# 111 at 3 n. 3, 11/14/11). The defendants concede that Dr. Hariton is necessary to the plaintiff's case. <u>See</u> Defendants' Reply in Support of their Motion to Strike Plaintiff's Untimely Disclosed Expert and Report (DE# 124 at 10, 11/22/11) (stating that "[the p]laintiff ha[s] to demonstrate [that the d]efendants proximately caused her miscarriage as an element of her <u>prima</u> <u>facie</u> case"). The timing of the plaintiff's disclosure of Dr. Hariton is explained by the fact that Dr. Hariton is a rebuttal expert and was therefore disclosed after the defendant's medical expert opined on the issue of causation. Additionally, any prejudice that may exist can be cured by allowing the defendants an opportunity to depose Dr. Hariton. Accordingly, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Strike Plaintiff's Untimely Disclosed Expert and Report (DE# 110, 11/4/11) is **DENIED**. The plaintiff shall make Dr. Hariton available for deposition no later than **Monday, January 30, 2012**.

DONE AND ORDERED in Chambers at Miami, Florida this **3rd** day of January, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record