UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23139-CIV-LENARD/O'SULLIVAN

JANET FELICIANO,

    Plaintiff,

vs.

CITY OF MIAMI BEACH, a
Municipal entity, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120, 11/15/11). This matter was referred to the undersigned by the Honorable Joan A. Lenard pursuant to 28 U.S.C. § 636(b). See Order of Reference (DE# 144, 12/29/11).

## BACKGROUND

On November 15, 2011, the plaintiff filed the instant motion. See Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120, 11/15/11). The defendants filed their response on November 23, 2011. See Defendants' Response in Opposition to Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert (DE# 127, 11/23/11). The plaintiff filed her reply on December 6, 2011. See Plaintiff's Reply Memorandum of Law in Support of Her Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 137, 12/6/11). This matter is ripe for consideration.

In the instant motion, the plaintiff seeks to exclude Dr. Glenn Salkind, the defendants' medical expert. See Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120 at 2, 11/15/11). The plaintiff argues that in his expert report, Dr. Salkind:

> relied upon certain inaccurate factual bases in order to assert that there was no causation between the [d]efendants' acts and the miscarriage of [p]laintiff Feliciano. Specifically, Dr. Salkind based his findings on a "minor physical trauma" to [the p]laintiff when [the p]laintiff has alleged a prolonged physical assault. Dr. Salkind also based his findings on a hearsay statement by . . . attorney, Robert Switkes, that [p]laintiff Feliciano testified to the onset of vaginal bleeding before the police officers arrived at her home.

Id. at 2. For these reasons, the plaintiff seeks to exclude Dr. Salkind from testifying at trial and seeks to strike his report thereby precluding its use in support of pretrial motions or at trial. Id. at 3.

## STANDARD OF REVIEW

"Federal Rule of Evidence 702, as explained by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc.[, 509 U.S. 579 (1993)] and its progeny, controls determinations regarding the admissibility of expert testimony." City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (footnote and citation omitted). Under Daubert, and Rule 702, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993); and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of expert testimony under Rule 702, the Court must undertake the following three-part

inquiry:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). "The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion, whether the proponent is the plaintiff or defendant in a civil suit, or the government or the accused in a criminal case." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc).

## ANALYSIS

In the instant case, the plaintiff is asking the Court to exercise its gatekeeping role because she maintains that Dr. Salkind used unreliable methodology in his expert report and the report has the "potential to confuse and mislead the ultimate trier of fact in this litigation." Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120 at 3, 11/15/11). She is not attacking Dr. Salkind's qualifications as an expert in the field of obstetrics and gynecology. Id. at 10. For the reasons stated below, the Court finds that the grounds raised by the plaintiff in the instant motion are insufficient to compel to Court to exclude Dr. Salkind as an expert in the instant case.

1. **Characterization of Plaintiff's Injuries as "Minor Physical Trauma"**

The plaintiff argues that Dr. Salkind's methodology is unreliable because "[i]n his

expert report, Dr. Salkind states that 'minor physical trauma in the first trimester will not cause loss of pregnancy as the pregnant uterus is protected by the bony pelvis.'" Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120 at 11, 11/15/11) (footnote omitted). According to the plaintiff, the evidence in this case is either that the plaintiff "underwent a sustained brutal assault," as the plaintiff maintains or that the officers did not touch her, as the defendants maintain. Id. (footnote omitted). Thus, the plaintiff argues that there is no factual support for the supposition in Dr. Salkind's report that the plaintiff suffered "minor physical trauma." Id. The plaintiff further argues that:

> The concept of "minor physical trauma" does not bring within its sweep the act of slamming the abdomen of a pregnant woman into the wooden portion of a couch for ninety-plus seconds; any opinion accepting that such activity "will not cause loss of pregnancy" should be excluded as unreliable and misleading.

Id at 12.

The defendants dispute the plaintiff's characterization of the event and point out that "the objective evidence in this case – medical records and photographic evidence - demonstrate no bruising to [the p]laintiff's abdomen or other objectively verifiable signs of anything other than minor trauma." Defendants' Response in Opposition to Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert (DE# 127 at 2, 11/23/11). The defendants further state that "if [the p]laintiff has evidence to suggest the alleged trauma she suffered is anything more than minor, she will have ample opportunity to address this matter upon cross examination." Id.

Dr. Salkind's characterization of the plaintiff's injury as "minor physical trauma" is not a basis for striking his report or for precluding his testimony at trial. As the

4

defendants note, even if the plaintiff is able to prove that she suffered more than minor injuries, Dr. Salkind is still entitled to opine based on the records he has reviewed indicating no bruising to the plaintiff's abdomen, that the plaintiff at most suffered minor physical trauma. See Defendants' Response in Opposition to Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert (DE# 127 at 5 n.2, 11/23/11). The plaintiff points out that Dr. Salkind did not review the crime scene photographs or the plaintiff's deposition prior to rendering his opinion. See Plaintiff's Reply Memorandum of Law in Support of Her Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 137 at 3, 12/6/11). However, it is undisputed that Dr. Salkind reviewed the plaintiff's medical records. He could have concluded that the injuries described in those records were consistent with minor physical trauma. Id. at 4 n.5 (listing documents reviewed by Dr. Salkind). In any event, the plaintiff is free to point out any weaknesses in Dr. Salkind's methodology and opinions on cross-examination at trial.

2. **Reliance on Statement from Defense Counsel Regarding the Plaintiff's Deposition Testimony**

The plaintiff also takes issue with Dr. Salkind's report because it relies on counsel for the defendants' representation that the plaintiff "testified in her deposition to the onset of vaginal bleeding on 9/2/06, hours before the police arrived at her home." Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120 at 12, 11/15/11) (quoting Salkind's Report). The plaintiff argues that "the method of informational transmission is suspect and not reliable - the hearsay statement by a defense attorney . . .  as to what was stated by a

[p]laintiff in a [d]eposition should most certainly not be substituted by an expert for the actual statements made by that [p]laintiff in the [d]eposition proceeding." Id. at 13. The plaintiff further argues that the report should be excluded because the statement is false because "[the p]laintiff has directly and repeatedly identified the assault by [one of the officers] as the source of her asthmatic attack, abdominal pain and vaginal bleeding." Id. at 13.

In response to this argument, the defendants state that Dr. Salkind was unable to obtain a copy of the transcript before he left to Europe and that "[the p]laintiff's unequivocal answers in at least three places in her deposition – including one direct reference that was fraudulently altered by [the p]laintiff – definitively demonstrate that [the p]laintiff began experiencing vaginal bleeding on the afternoon of September 2, hours *before* the Officers first arrived at her residence." Defendants' Response in Opposition to Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert (DE# 127 at 2-3, 8, 11/23/11). (emphasis in original).

Dr. Salkind's reliance on a statement provided by counsel for the defendants does not render his opinion excludable. The general rule is that an expert is permitted to rely on hearsay testimony provided that it is of the "type reasonably relied upon by experts in a particular field in forming opinions or inferences upon the subject." Ramirez v. E.I. Dupont De Nemours and Co., No. 8:09-cv-321-T-33TBM, 2010 WL 3516103, at *1 (M.D. Fla. Sept. 3, 2010) (quoting Fed. R. Evid. 703). The defendants have not persuaded the undersigned that the hearsay facts relied on by Dr. Salkind are the kind which experts in his field normally rely on. Nonetheless, this is still insufficient grounds for excluding Dr. Salkind as an expert in the instant case because the deposition

6

transcript was unavailable to Dr. Salkind and the plaintiff has failed to show that the attorney's statements about the plaintiff's deposition testimony were fabrications. Moreover, effective cross-examination will address any purported deficiency between the attorney's statements and the plaintiff's actual deposition testimony. See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1345 (11th Cir. 2003) (stating that "[t]he identification of such flaws in generally reliable scientific evidence is precisely the role of cross-examination") (citing Daubert, 509 U.S. at 596).

## CONCLUSION

The undersigned finds that neither of the two reasons advanced by the plaintiff in the instant motion is grounds for excluding Dr. Salkind's report or for precluding Dr. Salkind from testifying at trial. District courts have broad discretion in deciding to admit or exclude expert testimony. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997). "Trial courts are the gatekeepers to the admission of all expert testimony and must ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable." Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC, No. 09-61490-CIV, 2011 WL 2295269, *1 (S.D. Fla. Jun. 8, 2011) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). However, "'[a] district court's gatekeeper role 'is not intended to supplant the adversary system or the role of the jury.'" Id. (citing Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)). "Quite the contrary, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting Daubert, 509 U.S. at 596). Having reviewed the applicable filings and the law and for the reasons

7

stated herein, it is

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine to Exclude Defendants' Medical Expert from Rendering Any Opinion or Testifying at Trial (DE# 120, 11/15/11) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **14th** day of February, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record