UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-23139-CIV-LENARD/O'SULLIVAN

JANET FELICIANO,
    Plaintiff,

vs.

CITY OF MIAMI BEACH, a
Municipal entity, et al.,
    Defendants.
_____/

### ORDER

THIS MATTER is before the Court on the Defendants, Robert Acosta, Andrew Dohler, Douglas Dozier, James Nash, and the City of Miami Beach's Motion in Limine to Exclude Plaintiff's Police Expert from Rendering Any Opinion or Testifying at Trial (DE# 116, 11/15/11).[1] This matter was referred to the undersigned by the Honorable Joan A. Lenard pursuant to 28 U.S.C. § 636(b). See Order of Reference (DE# 144, 12/29/11). For the reasons stated herein, it is

ORDERED AND ADJUDGED that the Defendants, Robert Acosta, Andrew Dohler, Douglas Dozier, James Nash, and the City of Miami Beach's Motion in Limine to Exclude Plaintiff's Police Expert from Rendering Any Opinion or Testifying at Trial (DE# 116, 11/15/11) is **GRANTED in part and DENIED in part**. The plaintiff's police practices expert, Phillip B. Sweeting, is precluded from rendering an opinion at trial on the defendant City of Miami Beach's deliberate indifference to the rights of citizens and

---

[1] The undersigned's ruling pertains only to Mr. Sweeting's testimony at trial. The plaintiff also relies on Mr. Sweeting's opinions in responding to the defendants' motions for summary judgment. See Response (DE# 135 at 14, 12/3/11) (stating that the "primary usage of the Sweeting Report" is in opposing the summary judgment motions). Those motions are before Judge Lenard and she may determine that Mr. Sweeting's opinions are useful to her in resolving those pending motions.

the existence of a custom and practice of excessive force. Mr. Sweeting is permitted to testify on the use of force.

## BACKGROUND

On November 15, 2011, the defendants filed the instant motion. See Defendants, Robert Acosta, Andrew Dohler, Douglas Dozier, James Nash, and the City of Miami Beach's Motion in Limine to Exclude Plaintiff's Police Expert from Rendering Any Opinion or Testifying at Trial (DE# 116, 11/15/11) (hereinafter "Motion"). The plaintiff filed her response on December 3, 2011. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine to Exclude Plaintiff's Police Expert (DE# 135, 12/3/11) (hereinafter "Response"). The defendants filed their reply on December 15, 2011. See Defendants, Robert Acosta, Andrew Dohler, Douglas Dozier, James Nash, and the City of Miami Beach's Reply in Support of Their Motion in Limine to Exclude Plaintiff's Police Expert (DE# 142, 12/15/11) (hereinafter "Reply"). This matter is ripe for consideration.

The defendants seek to preclude Phillip B. Sweeting, the plaintiff's police practices expert, from rendering any opinions in this case. See Motion (DE# 116 at 1, 11/15/11). A review of Mr. Sweeting's expert report shows that he arrived at two opinions concerning the instant case:

> (1) By the City of Miami Beach Police Department's failure to aggressively investigate complaints of excessive force by ignoring evidence and justifying excessive force, they have created an environment where excessive force is an accepted practice. It is my opinion, within reasonable probability, that they have **deliberate indifference to the rights of citizens and a custom and practice of excessive force**; and
>
> (2) within reasonable probability, that a reasonably well-trained and

>knowledgeable police officer confronted with similar facts would know or should have known that the entry into the apartment of Ms. Feliciano's apartment [sic] was unlawful, any subsequent search was unlawful and any **use of force would be unlawful and excessive**.

See Sweeting Report (DE# 135-2 at 22, 12/3/11) (emphasis in original). The defendants argue that: " [Mr.] Sweeting's expert report is marred by assumptions that were not supported by the uncontroverted evidence." Motion (DE# 116 at 1-2, 11/15/11) (footnote omitted). As such, the defendants seek to exclude Mr. Sweeting from rendering any opinion or testifying at trial. Id.

## STANDARD OF REVIEW

"Federal Rule of Evidence 702, as explained by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc.[, 509 U.S. 579 (1993)] and its progeny, controls determinations regarding the admissibility of expert testimony." City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (footnote and citation omitted). Under Daubert and Rule 702, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993) and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of expert testimony under Rule 702, the Court must ascertain whether the following three requirements are met:

>(1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). "The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion, whether the proponent is the plaintiff or defendant in a civil suit, or the government or the accused in a criminal case." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc). The proponent must meet his or her burden by a preponderance of the evidence. Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir.1999) (stating that "[t]he burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence.").

## ANALYSIS

The defendants maintain that Mr. Sweeting should be excluded as an expert in the instant case because:

> (1) he is not qualified to testify competently regarding the matters he intends to address; (2) the methodology by which [Mr.] Sweeting gave a determination of police practices and use of excessive force is not sufficiently reliable under the standard established in Daubert; (3) [Mr.] Sweeting's testimony will not assist the trier of fact to understand the evidence or determine a fact in issue, therefore failing the relevance test; and finally, (4) given the glaring lack of reliability of [Mr.] Sweeting's opinion, his testimony should be excluded under Rule 403 because of its potential to confuse and mislead the jury and thereby prejudice [the d]efendants.

Motion (DE# 116 at 5, 11/15/11). The first three arguments raised by the defendants fall under FED.R.EVID. 702. The fourth argument is governed by FED.R.EVID. 403. The undersigned will address each argument in turn.

4

1.     FED.R.EVID. 702 and Daubert

The defendants seek to preclude Mr. Sweeting from testifying as an expert in the instant case based on all three requirements of Daubert and Rule 702: qualifications, reliability and assistance to the trier of fact.

   a.    **Qualification**

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d at 563. Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. "Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Inv., Inc. v. XL Specialty Ins. Co., No. 10-62028, 2012 WL 266422, at *6 (S.D. Fla. Jan. 30, 2012) (quoting Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)). "This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Id. (citing Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co., 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations omitted) (internal quotation marks omitted; alteration in original).

The defendants in the instant case argue that Mr. Sweeting is unqualified to opine on: (1) the use of excessive force in the instant case and (2) the "knock and talk"

police practice.[2]  Motion (DE# 116 at 5-11, 11/15/11). With respect to excessive force, the defendants note that a necessary component to rendering an opinion on whether the police officers employed excessive force is an adequate understanding of qualified immunity under both federal and state statutory immunity: "[s]ince the issues of qualified immunity under § 1983 and statutory immunity under Fla. Stat. § 768.28(9)(a) are central to an analysis of excessive force, assault, battery, and IIED [intentional infliction of emotional distress] claims asserted by [the p]laintiff, an expert offering opinions on such claims must be sufficiently familiar with the doctrines." Id. at 6. The defendants point out that in rendering his opinions on the use of excessive force "[Mr.] Sweeting did not address the application of qualified immunity, nor did he opine this doctrine did not apply." See Motion (DE# 116 at 6, 11/15/11). As to the knock and talk technique, the defendants argue that Mr. Sweeting is unqualified to render an opinion in the instant case because he testified that he had not heard of the "knock and talk" practice. Id. at 10-11.

"[Mr.] Sweeting served in an active law enforcement capacity for over a quarter century, from 1973 until 1999; during that time frame he worked as a patrolman and detective from 1973-81, and thereafter in supervisory roles as a sergeant, lieutenant, captain, deputy chief and Acting Chief of Police for the Boca Raton (Florida) Police

---

[2] A "knock and talk" is an investigative technique used by law enforcement whereby "officers approach a residence where they believe a suspect is inside or a crime is allegedly being committed and attempt to have voluntary contact with persons inside the residence." United States v. Pupo-Reynaldo, No. 10-20808-CR, 2011 WL 2610219, at *2 n.3 (S.D. Fla. Jun. 6, 2011) (O'Sullivan, M.J.)

Department"[3] and is certainly qualified to render his opinions concerning police practices in the instant case. Effective cross-examination will bring to light any weaknesses in Mr. Sweeting's opinions. The defendants are free to point out that Mr. Sweeting failed to take into account the doctrine of qualified immunity and state statutory immunity in determining that the defendants employed excessive force. See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1345 (11th Cir. 2003) (stating that "[t]he identification of such flaws in generally reliable scientific evidence is precisely the role of cross-examination") (citing Daubert, 509 U.S. at 596). Similarly, the defendants may establish at trial that the "knock and talk" technique is a widely-used police practice and may attempt to weaken Mr. Sweeting's credibility as a police practices expert based on his unfamiliarity with this common technique. However, Mr. Sweeting's failure to address qualified immunity under federal law or state statutory immunity and his lack of knowledge concerning the "knock and talk" technique do not disqualify him as a police practices expert. See, e.g., Smith v. BMW N. Am., Inc., 308 F.3d 913, 919 (8th Cir. 2002) (district court abused its discretion in excluding the testimony of an expert witness qualified in a general field merely because that expert lacked expertise more specialized and more directly related to the issue at hand).

    b.    **Reliability**

The second admissibility requirement is reliability. Daubert, 509 U.S. at 589. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir. 2005). To

---

[3] Response (DE# 135 at 3, 12/3/11) (footnote omitted)

evaluate the reliability of scientific expert opinion, courts consider, to the extent practicable: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique and (4) whether the technique is generally accepted in the scientific community. These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion. Frazier, 387 F.3d at 1261-62.

In the instant case, the defendants argue that Mr. Sweeting's opinions are unreliable because, inter alia: (1) they are based on summaries of the internal affairs files, (2) at deposition, Mr. Sweeting admitted to "his lack of any knowledge of police standards or procedures followed by the City of Miami Beach Police Department when conducting IA investigations," (3) Mr. Sweeting failed to ascertain whether the City of Miami Beach Police Department was accredited by the Commission of Accreditation for Law Enforcement Agency (CALEA) and (4) Mr. Sweeting failed to ascertain what discipline, if any, was imposed on officers subject to the IA investigations. Motion (DE# 116 at 14-15, 11/15/11) (footnote omitted).

The undersigned agrees with the defendants that Mr. Sweeting's opinion that the City of Miami Beach Police Department exhibited deliberate indifference to the rights of citizens and exhibited a custom and practice of excessive force is unreliable.[4]  Mr.

---

[4] Mr. Sweeting's deliberate indifference opinion relates to the plaintiff's allegation that the City of Miami Beach failed to investigate officer misconduct. In her Second Amended Complaint (DE# 48 at ¶¶ 77-83, 4/22/11), the plaintiff alleges a Monell claim against the City of Miami Beach (Count V). "A Monell claim is a § 1983 municipal

Sweeting has failed to ascertain whether any of the officers in the IA cases he reviewed were disciplined. As the defendants point out: "by testifying he has no idea what discipline was imposed on the officers in any of the IA cases cited in Plaintiff's Complaint - there is no factual basis whatsoever for [Mr.] Sweeting to opine [ ] that MBPD is remiss in imposing sufficient discipline to deter constitutional violations discipline." Motion (DE# 116 at 16, 11/15/11).[5] For this reason, the plaintiff has failed to meet her burden of establishing by a preponderance of the evidence the reliability of Mr. Sweeting's opinion on deliberate indifference and the existence of a custom and practice of excessive force. Accordingly, Mr. Sweeting is precluded from testifying as to the City of Miami Beach Police Department's deliberate indifference to the rights of

---

liability claim." Foltz v. City of Largo, No. 8:10-cv-759-T-24-EAJ, 2011 WL 1690010, at * 2 n.1 (M.D. Fla. May 3, 2011) (quoting Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658 (1978)). The plaintiff alleges that "the MBPD Internal Affairs Dept. failed to act upon the formal complaint from [the plaintiff] relating to the illegal search and assault that transpired in early September 2006, and failed to investigate the subject event." Amended Complaint (DE# 48 at ¶ 79, 4/22/11). The plaintiff further alleges that "[t]his deliberate indifference to police misconduct evinces the existence of a custom in the City of Miami Beach to tolerate excessive force, illegal searches and wrongful arrests" and that "the City of Miami Beach has, within the past decade, compiled a litany of instances involving the inadequate investigation into allegations of substantial police misconduct " Id. at ¶¶ 80-81. The plaintiff concludes that "[t]he failure by the defendant City to diligently investigate and discipline its officers for official misconduct has created an atmosphere where the CMB Police Department's employees believe that such misconduct constitutes behavior that will be tolerated and will not be sanctioned" and was "the moving force behind the deprivation of [the plaintiff's] right to be free from excessive force." Id. at ¶¶ 82-83.

[5] Of note, the defendants take issue with Mr. Sweeting's reliance on IA summaries. Mr. Sweeting's use of these summaries instead of reading the underlying documents does not render his opinion unreliable. It goes to his credibility as an expert and to the weight that should be given to his opinion. If this were the only weakness in Mr. Sweeting's study of the City of Miami Beach Police Department's IA practices, the undersigned would be inclined to deny the defendants' motion and allow the defendants to address this issue on cross-examination.

9

citizens and the existence of a custom and practice of excessive force.

The defendants also take issue with Mr. Sweeting's opinion that "any use of force would be unlawful and excessive in this case." Motion (DE# 116 at 17, 11/15/11) (citation and internal quotation marks omitted). Specifically, the defendants argue that Mr. Sweeting's opinion should be excluded because it credits the plaintiff's recitation of the events over the defendants' version. Mr. Sweeting opined that "a reasonably well-trained and knowledgeable police officer confronted with similar facts would know or should have known that the entry into the apartment of Ms. Feliciano's apartment [sic] was unlawful, any subsequent search was unlawful and any **use of force would be unlawful and excessive**." Sweeting Report (DE# 135-2 at 22, 12/3/11) (emphasis in original). This is not grounds for excluding Mr. Sweeting's opinion on use of force. "An expert is . . . permitted to base his opinion on a particular version of the disputed facts and the weight to be accorded to that opinion is for the jury." Walker v. Gordon, 46 Fed. Appx. 691, 695-96 (3d Cir. 2002). In the instant case, there is a marked discrepancy between the plaintiff's and the defendants' version of the events. If the jury believes the plaintiff, then Mr. Sweeting's opinions regarding the use of excessive force will likely be apportioned more weight. If, on the other hand, the jury credits the defendants' testimony as to what transpired on the date in question, the jury will likely discount Mr. Sweeting's opinion. In either case, it is well within the province of the jury to weigh the credibility of these competing versions. See Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir. 2005) (recognizing that believability or persuasiveness remains an issue for the trier of fact).

### c. Assistance to the Trier of Fact

The third requirement for admissibility is that the expert testimony must assist the trier of fact. "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person . . . . Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63. With respect to this factor, the defendants argue that "[d]ue to the factual and analytical gaps upon which [Mr.] Sweeting's opinion is predicated, his opinion is merely conclusory and will not assist the trier of fact to understand the evidence or determine an issue of fact." Motion (DE# 116 at 18, 11/15/11).

The undersigned agrees with the defendants that Mr. Sweeting's opinion on the subject of deliberate indifference and the existence of a custom and practice of excessive force will not assist the trier of fact because the undersigned has already determined that this opinion is unreliable. However, Mr. Sweeting's opinion on the use of force in the instant case would assist a jury in understanding or determining a fact at issue. See White v. Gerardot, No. 1:05CV-382, 2008 WL 4372019, at *5 (N.D. Ind. Sept. 23, 2008) (finding "little doubt that [the plaintiff's law enforcement procedure expert]'s testimony about proper police procedure and the use of force under the circumstances [the officer] encountered the night of the shooting would assist the jury in determining whether [the officer]'s actions were objectively reasonable."); Bates v. King County, No. C05-1348RSM, 2007 WL 1412889, at *3 (W.D. Wash. May 9, 2007) (observing that "[t]he appropriate response by a police officer to a person resisting arrest is not necessarily common knowledge."). Accordingly, Mr. Sweeting should be

permitted to testify at trial concerning the use of force.

**2.     FED.R.EVID. 403**

The defendants further argue that "[e]ven if [Mr.] Sweeting's opinions are otherwise admissible . . . the Federal Rules provide for the exclusion of such evidence because the 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" Motion (DE# 116 at 18, 11/15/11) (citing FED.R.EVID. 403). As with any other testimony, expert testimony that is reliable and relevant may be challenged under Rule 403 on the grounds of prejudice, confusion or waste of time. FED.R.EVID. 403; see also Frazier, 387 F.3d at 1263 (stating that "sometimes expert opinions that otherwise meet the admissibility requirements [of Rule 702] may still be excluded by applying Rule 403.") (footnote omitted). "The Supreme Court recognized in Daubert the intricate role of Rule 403 in an expert testimony admissibility analysis when it noted that expert testimony could be 'both powerful and quite misleading because of the difficulty in evaluating it.'" Allison v. McGhan Medical Corp., 184 F.3d 1300, 1310 (11th Cir.1999) (quoting Daubert, 509 U.S. at 595). The undersigned finds no grounds under Rule 403 for excluding Mr. Sweeting's remaining[6] opinion on the use of force in the instant case. Here, there is no danger of unfair prejudice in allowing Mr. Sweeting to testify on this subject because the defendants may through effective cross-examination expose any weaknesses in Mr. Sweeting's opinion.

---

[6] The undersigned has already determined that Mr. Sweeting's opinion on deliberate indifference to the rights of citizens and the existence of a custom and practice of excessive force is not properly supported by sufficient facts and he is therefore precluded from rendering this opinion at trial. See discussion supra.

## **CONCLUSION**

Based on the foregoing, the Court concludes that Mr. Sweeting meets all three prongs of Rule 702 and may testify as to the use of force at trial. Mr. Sweeting, may not, however, opine as to whether defendant City of Miami Beach exhibited a deliberate indifference to the rights of citizens and exhibited a custom and practice of excessive force . The plaintiff has failed to show by a preponderance of the evidence that Mr. Sweeting's testimony in this area is reliable or would assist the trier of fact.

DONE AND ORDERED in Chambers at Miami, Florida this **22nd** day of February, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

13