UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23139-CIV-LENARD/O'SULLIVAN

JANET FELICIANO,

     Plaintiff,

vs.

CITY OF MIAMI BEACH, a
Municipal entity, et al.,

     Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Exclude

Defendants' Police Practices Expert Report and Testimony and for Sanctions (DE#

119, 11/15/11). This motion was referred to the undersigned by the Honorable Joan A.

Lenard pursuant to 28 U.S.C. § 636(b). See Order of Reference (DE# 144, 12/29/11).

For the reasons stated herein, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Exclude Defendants'

Police Practices Expert Report and Testimony and for Sanctions (DE# 119, 11/15/11) is

**DENIED**.

## BACKGROUND

On November 15, 2011, the plaintiff filed the instant motion. See Plaintiff's

Motion to Exclude Defendants' Police Practices Expert Report and Testimony and for

Sanctions (DE# 119, 11/15/11) (hereinafter "Motion"). The defendants filed their

response on December 2, 2011. See Defendants' Response in Opposition to Plaintiff's

Motion to Exclude Defendants' Police Practices Expert Report and Testimony and for

Sanctions (DE# 133, 12/2/11) (hereinafter "Response"). The plaintiff filed her reply on December 15, 2011. See Plaintiff's Reply Memorandum of Law in Support of Her Motion to Exclude Defendants' Police Practices Expert Report and Testimony, and for Sanctions (DE# 143, 12/15/11) (hereinafter "Reply"). This matter is ripe for consideration.

## STANDARD OF REVIEW

The plaintiff seeks sanctions against the defendants pursuant to Federal Rule of Civil Procedure 37. Rule 37 grants a district court the authority to impose sanctions for the failure to make disclosures or cooperate in discovery. FED.R.CIV.P. 37. The Court has " broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Board of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001); see also In re Seroquel Products Liability Litigation, 244 F.R.D. 650, 656 (M.D. Fla. 2007) (noting that the district court may impose broad sanctions under Rule 37 for discovery-related abuses). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

## ANALYSIS

The plaintiff seeks sanctions against the defendants based on the defendants' late production of documents. See Motion (DE# 119 at 5, 11/15/11). The plaintiff argues that she "has been unfairly prejudiced by the untimely production of discoverable documents, and by the 'document dump' of ***thousands of pages*** of documents to be reviewed ***after the close of the discovery period***." Id. at 5-6 (emphasis in original).

2

The plaintiff further argues that the defendants' untimely production of documents resulted in her inability "to depose Defendants' Police Practices Expert, Individual Defendants Dohler and Dozier, the Chief of Police or other persons with critical knowledge" and that the depositions of defendants Acosta, Nash and the City of Miami Beach were taken "without the benefit of evidence to elicit necessary testimony." Id. at 5.

As a consequence for the defendants' late production of documents, the plaintiff seeks the following sanctions against the defendants:

> the exclusion of their Police Practices Expert, Mr. John Timoney,[1] the exclusion of the use of any of the late-produced or non-produced documents in Defendants' defense at trial, and attorney's fees and costs for the depositions taken of Defendant City of Miami Beach, Defendant Nash and Defendant Acosta, and the time spent traveling from Lee County, Florida to Miami, Florida for (1) informal discovery hearing on Oct. 24; (2) the inspection of documents on Oct. 28; (3) the retrieval of documents on Nov. 9; and (4) compensation for time spent on the instant motion.

Motion (DE# 119 at 6, 11/15/11) (footnote added).

In the instant action, this Court entered an Order providing a mechanism through which the parties could timely address any discovery issues. See Discovery Procedure (DE# 52, 4/27/11). The Court's Discovery Procedure provides that "[i]f a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief." Id. The purpose of adopting this procedure is to ensure that discovery disputes are timely brought before the Court and to avoid the costs to the Court and to the litigants associated with briefing a motion. The parties

---

[1] The plaintiff seeks to preclude the defendants from using Mr. Timoney in connection with any pretrial motions and at trial. See Motion (DE# 119 at 8, 11/15/11).

have availed themselves of the Court's Discovery Procedure in the past. <u>See</u> Motion (DE# 119 at 4, 11/15/11) (stating that the parties participated in an informal discovery hearing before the undersigned on October 24, 2011). In fact, the same issue – the production of documents – that is the subject of the instant motion was discussed at the October 24, 2011 informal discovery hearing. <u>Id.</u> Thus, if the plaintiff believed that the defendants violated the Court's October 24, 2011 discovery Order (DE# 103), the plaintiff should have re-set this matter for an informal discovery hearing after it became apparent to the plaintiff that the defendants were not going to produce the requested documents by the deadline provided in the Court's Order of October 25, 2011[2] or before the discovery cutoff date of October 28, 2011. If the plaintiff had re-set the matter for hearing, the issue would have been addressed by the Court in a timely manner. Instead, the plaintiff attempts to circumvent the Court's Discovery Procedure by raising this discovery issue in a motion for sanctions. Because any request for sanctions arising from a discovery violation should have been timely raised at an informal discovery conference, the plaintiff's request for sanctions stemming from the defendants' late production of documents is DENIED.

Moreover, even considering the merits of the plaintiff's motion for sanctions, the Court finds no prejudice to the plaintiff stemming from the defendants' actions. As the defendants point out, the plaintiff took the depositions of defendants Nash and Acosta on September 7, 2011, <u>before</u> the defendants' responses to the request for production

---

[2] The defendants represent that "[e]ach and every document that was the subject of [the Court]'s Order . . .  was available for Plaintiff's counsel to inspect on October 25, 2011." Response (DE# 133 at 12, 12/2/11) (footnote omitted).

were due. See Response (DE# 133 at 6, 12/2/11)."[The p]laintiff [also] willingly went forward with the 30(b)(6) deposition [of defendant City of Miami Beach] knowing [she] would not have any documents responsive to discovery at the time of the deposition" since those responses were not yet due. Id. Of note, "[b]ecause IA [Internal Affairs] files are public record, Plaintiff . . . could have requested virtually all these files during the five and a half year period after the incident at issue and the close of discovery in this case." Id. at 12 n. 8. The Court is further unpersuaded by the plaintiff's claim that she "was unable to depose Defendants' Police Practices Expert, Individual Defendants Dohler and Dozier, the Chief of Police or other persons with critical knowledge"[3] due to the defendants' failure to timely produce the requested documents. It is unclear why the plaintiff saw fit to schedule and proceed with the depositions of some witnesses before the defendants' responses to the request for production were even due, yet failed to schedule the depositions of other witnesses on the ground that those same documents were unavailable to the plaintiff at the time.

The Court also finds no prejudice to the plaintiff with respect to the alleged "document dump." The Federal Rules of Civil Procedure allow a party responding to a request for production to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED.R.CIV.P. 34(b)(2)(B). The defendants did just that in the instant case. In their responses to the plaintiff's request for production, the defendants indicated that some of the documents would be made available to the plaintiff for inspection at the

---

[3] Motion (DE# 119 at 5, 11/15/11).

defendants' office and objected to the production of other documents. See Response (DE# 133 at 16, 12/2/11) (stating that "[t]he City remained willing and able to produce the documents that it had agreed to produce with reasonable notice necessary to compile all the documents in one place and to redact statutorily protected information such as the home addresses and social security numbers of police officers. Plaintiff refused, however, to make arrangements to review and copy the proffered documents until and unless the City provided documents that it had objected to producing."). Instead of making arrangements to inspect the unobjected-to documents, the plaintiff waited over to month to set an informal discovery hearing on the defendants' objections to some of the requests for production.[4] Because the plaintiff did not agree to inspect the unobjected-to items prior to the hearing date, the result was the production of thousands of pages of documents all at once and a few days prior to the close of the discovery period.[5]

The plaintiff argues that "[i]f the Defendants in the instant case believed that the interrogatories[6] or requests for production of documents served upon them by the

---

[4] The defendants' objections to the plaintiff's requests for production had some merit since this Court limited the scope of the requests to "records for all seven (7) cases identified by the plaintiff's expert and any other records reviewed by the defendant's expert." Order (DE# 103, 10/24/11).

[5] As the defendants state: "[e]ach and every document that was the subject of [the Court]'s Order (as well as all the other documents that the City had agreed to provide but that Plaintiff had never bothered to review) was available for Plaintiff's counsel to inspect on October 25, 2011." Response (DE# 133 at 12, 12/2/11) (footnote omitted).

[6] In her reply the plaintiff makes reference to the defendants "woefully inadequate Interrogatory Responses." Reply (DE# 143 at 4 n.6, 12/15/11). The defendants' responses to the plaintiffs' interrogatories are outside the scope of the

[p]laintiff were overly broad or unduly burdensome, they had the option at any point in this litigation of seeking protection from that discovery from the [Court]." Reply (DE# 143 at 3-4, 12/15/11) (footnote added). As noted above, Rule 34, which governs requests for production, allows a responding party to assert objections and to include the reasons for those objections. See FED.R.CIV.P. 34(b)(2)(B). Thus, it was incumbent upon the plaintiff, as the party seeking the discovery, to timely set the defendants' objections for hearing before the Court. As the defendants note, the plaintiff waited over a month to do so in the instant case.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Exclude Defendants' Police Practices Expert Report and Testimony and for Sanctions (DE# 119, 11/15/11) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **23rd** day of February, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

---

plaintiff's initial brief. See generally Motion (DE# 119, 11/15/11) (a word search reveals that the word "interrogatory" or "interrogatories" was not used in this document).

7